UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:10-cr-00006-GFVT-HAI |
| | ) | |
| V. | ) | |
| | ) | |
| RICKY D. KING, | ) | **ORDER** |
| | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram. [R. 389.] Defendant Ricky King is charged with one count of violating the terms of his supervised release, as a result of his misuse of an oxycodone/acetaminophen prescription. [*See id.* at 1-2.] Specifically, Mr. King was instructed by his physician to take one oxycodone/acetaminophen tablet three times a day; however, between November 3, 2016, and November 10, 2016, when Mr. King reported to the United States Probation Office, King ingested sixty-one more tablets than he should have. [*Id. at 2.*] This conduct violates Special Condition #7 of King's supervised release, which requires him to "strictly comply with the orders of any physician or other prescribing source with respect to use of all prescription medications." [R. 271 at 4.]

At a final hearing on November 17, 2016, Mr. King competently stipulated to the alleged violation. Subsequently, Judge Ingram issued a Recommended Disposition which recommends revocation of Mr. King's term of supervised release with a term of incarceration of four months, to be followed by a period of supervised release to expire four years from the date of King's

release. Judge Ingram also recommends certain conditions be added to King's supervised release. [*See* R. 389 at 7-8.] Throughout the Recommended Disposition, Judge Ingram emphasized Mr. King's need for treatment and rehabilitation but also explained why an additional period of incarceration is warranted in the present case. Further, Judge Ingram adequately set forth specific reasons for imposing a sentence below the Guidelines Range. The Court agrees that Defendant King's misuse of a legally obtained prescription differs from illegally obtaining and using drugs on the street, and the Court finds Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors when arriving at his recommended sentence.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition advises the parties that objections must be filed within fourteen (14) days of service. [*Id.* at 8.] *See* 28 U.S.C. § 636(b)(1). No objections to Judge Ingram's Recommended Disposition were filed within the appropriate time period by either party. Further, Mr. King, through counsel, submitted a notice of waiver of allocution on December 12, 2016. [R. 390.]

Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [R. 389] as to Defendant Ricky D. King is **ADOPTED** as and for the Opinion of the Court;

2. Defendant King is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

3. Mr. King's Supervised Release is **REVOKED**;

4. Mr. King is hereby sentenced to a term of incarceration of four (4) months, with a term of supervised release to expire four years from the date of King's release. The term of supervised release shall be imposed under the same conditions previously imposed, with the added conditions that:

   a. Defendant immediately enroll in, and complete, a three-month inpatient substance abuse program and follow all rules of the program;

   b. Absent medical emergencies, Defendant must receive all medical treatment in Kentucky;

   c. Defendant must fill all prescriptions in Kentucky; and

   d. Defendant must inform any treating physicians prescribing a controlled substance about his drug abuse history and his specific violation conduct, namely that he abused his oxycodone prescription and ingested 61 pills over the course of one week; and

5. Judgment shall enter promptly.

This the 21st day of December, 2016.

Gregory F. Van Tatenhove
United States District Judge