UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Criminal No. 6:10-CR-006-GFVT-HAI-5 |
| V. | ) | |
| RICKY D. KING, | ) | **ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 436.] Defendant Ricky D. King has been charged with two violations relating to his use of oxycodone. *Id*. at 2.

On January 26, 2012, this Court sentence Mr. King to seventy-two months imprisonment for conspiracy to distribute cocaine. [R. 270; R. 271.] He began his first term of supervised release on March 6, 2015. [R. 436 at 1.] In August of 2015, Mr. King admitted to violating his conditions of release by using oxycodone, but the Court took no action upon recommendation of the United States Probation Office (USPO). [R. 366.]

Fourteen months later, Mr. King admitted to additional violations for misuse of his prescription oxycodone. [R. 389.] This Court revoked his supervision and sentenced him to four additional months of incarceration. [R. 391; R. 392.] He began his second term of supervised release on March 10, 2017. [R. 436.] However, only a few months later, he was admitted to additional violations of his conditions of release, this time for failure to notify the USPO within seventy-two hours of receiving a prescription and for seeking medical treatment and/or

prescriptions outside Kentucky. [R. 409.] His release was again revoked, and Mr. King was sentenced to thirteen months incarceration. [R. 414; R. 415.] His third term of supervised release began on July 24, 2018. [R. 436 at 2.]

According to the Supervised Release Violation Report (the Report) issued by USPO on September 7, 2018, Mr. King had informed Probation Officer Derek Vonckx the pervious day that he would be "dirty" if he was required to submit to a drug screen, later admitting to using oxycodone on September 4, 2018. *Id*. At first, Mr. King represented that the oxycodone he ingested that morning came from pills remaining from a prescription filled during his previous term of release, but later also admitted to using oxycodone on the evening of September 4 that he had not been prescribed. *Id*. at 2–3. A urine sample he provided tested positive for oxycodone. *Id*. The Report charges Mr. King with two violations of his conditions. First, because Mr. King admitted to improperly using oxycodone he had previously been prescribed, the Report alleges he violated the condition of release prohibiting him from unlawful use of a controlled substance, a Grade C Violation. *Id*. at 3. Additionally, because Mr. King admitted to using oxycodone not prescribed to him, the Report alleges he violated the condition of release prohibiting him from unlawfully possessing a controlled substance,[1] a Grade B violation. *Id*.

Upon his initial appearance before Magistrate Judge Hanly A. Ingram on January 9, 2019, Mr. King entered a knowing, voluntary, and intelligent waiver of his right to a preliminary hearing. [R. 433.] The United States moved for interim detention, and he did not argue for release, so Judge Ingram remanded him to United States Marshal custody. *Id*. On January 16, 2019, Magistrate Judge Ingram held a final revocation hearing where Mr. King entered a knowing, voluntary, and intelligent stipulation to both violations. [R. 435.] Subsequently, Judge

---

[1] In the Sixth Circuit, use of a controlled substance is equivalent to possession of that substance. *United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000).

Ingram prepared a Recommended Disposition. [R. 436.]

With Mr. King's criminal history category of V and a Grade B violation,[2] Judge Ingram calculated his Guidelines Range to be eighteen to twenty-four months. *Id*. at 5. At the final hearing, the United States argued for a term of twenty-four months of imprisonment, while Mr. King requested a sentence below the Guidelines Range. *Id*. at 4.

After consideration of the nature and circumstances of Mr. King's conviction, as well as history and characteristics, Judge Ingram noted that revocation was mandatory because Mr. King possessed a controlled substance. *Id*. at 6; 18 U.S.C. § 3583(g)(1). Ultimately, Judge Ingram recommended a term of eighteen months imprisonment with no additional supervised release. [R. 436 at 10.] As noted in the Recommendation, Mr. King has already successfully completed the 500-hour Residential Drug Abuse Program as well as the ninety-day inpatient substance abuse treatment program. *Id*. at 7–8. While he would most likely benefit from additional substance abuse treatment, no additional treatment is available for the Court to provide Mr. King. *Id*.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). No objections to Judge Ingram's Report and Recommendation were filed within the appropriate time by either party. Instead, Mr. King has filed a waiver of allocution. [R. 437.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no

---

[2] "Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." U.S.S.G. § 7B1.1(b).

3

objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition. Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [**R. 436**] as to Defendant Ricky D. King is **ADOPTED** as and for the Opinion of the Court;

2. Mr. King is found **GUILTY** of Violation #1 and Violation #2;

3. Mr. King's Supervised Release is **REVOKED;**

4. Mr. King is hereby sentenced to a term of incarceration of **eighteen (18) months**;

5. Upon completion of the term of incarceration, no additional term of supervised release shall be imposed; and

6. Judgment shall enter promptly.

This the 7th day of February, 2019.

Gregory F. Van Tatenhove
United States District Judge